```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
MICHAEL C. DAVIS,

                    Plaintiff,

      -against-

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-5227-FB

*Appearances:*
*For the Plaintiff*:
HOWARD OLINSKY, ESQ.
300 South State Street
Syracuse, NY 13202

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Michael Davis seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the reasons stated below, Davis' motion is granted, the Commissioner's motion is denied, and the case is remanded.

I.

Davis filed for DIB benefits on December 12, 2014. He alleged that he became disabled on November 15, 2014, due to blindness in the right eye. His

1

application was denied, and he requested a hearing before an ALJ. After the hearing, ALJ Margaret Donaghy ruled that Davis was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ found that (1) Davis had not engaged in any substantial gainful activity since November 15, 2014; and (2) Davis' chronic impingement of the right shoulder, central corneal scarring secondary to herpes simplex keratitis, lumbar radiculopathy, lumbar disc displacement, facet arthropathy, bilateral knee osteoarthritis, and depressive disorder were severe impairments. The ALJ determined that Davis had the RFC to perform light work with extensive additional limitations. Applying this RFC, the ALJ determined that Davis was not able to perform his past relevant work. At step five, the ALJ found that jobs exist in significant numbers that Davis could perform. The ALJ concluded that Davis was not disabled during the relevant period. The Appeals Council declined review on July 19, 2018. Davis sought judicial review.

---

[1] Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines
> (1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in [her] prior type of work, [and] (5) there is not another type of work the claimant can do.

See *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)–(f)). The burden of proof is on the claimant for the first four steps, but it shifts to the Commissioner at the fifth step. See 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

### A. The Treating Physician Rule

The treating physician rule dictates that the opinion of a treating physician as to the nature and severity of an impairment is given controlling weight unless it is "[in]consistent with other substantial evidence in the record." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). If the ALJ does not give a treating physician's opinion controlling weight, he or she must provide "good reasons for the weight given to [that] opinion." *Id.* (internal quotations omitted). When ALJs have not provided good reasons, reviewing courts "do not hesitate to remand." *Id.* at 33.

The ALJ improperly assigned Davis' treating mental health physicians from the Veteran's Administration ("VA"), Dr. Matalon and Dr. Zeff, less than controlling weight. The Second Circuit recently held that a "treatment provider's perspective would seem [] more important in cases involving mental health, which

3

are not susceptible to clear records such as x-rays or MRIs." *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

It appears that the ALJ discounted the opinions of Dr. Matalon and Dr. Zeff because they were inconsistent with treatment notes and "objective or clinical findings." AR 29. But, as the Second Circuit held in *Flynn*, mental illnesses are not "susceptible" to clear, or objective, records.

Treatment notes show Davis experienced paranoid delusions, depression, and hopelessness. These notes are strewn amongst treatment notes showing Davis presented calmly with no suicidal ideations. The ALJ failed to explain why these normal findings outweigh findings that show severe mental limitations. This is especially troubling considering the severe examination notes are supported by the treating physician opinions and Davis' hearing testimony.

Further, the treatment notes of these treating physicians contain bare, if any, functional assessments of Davis' ability to work. Thus, by rejecting the functional opinions of the only mental health physicians, the ALJ improperly interpreted raw medical data and treatment notes in determining Davis' RFC limitations. *See Quinto v. Berryhill*, No. 3:17-cv-24, 2017 WL 6017931, at *12-14 (D. Conn. Dec. 1, 2017) ("[T]he ALJ improperly substituted his own expertise and interpretation for that of the treating physician's by cherry picking the evidence from the treatment notes and interpreting the complex diagnostic evidence himself.").

Additionally, while a disability determination by another government agency is not binding, "it is entitled to some weight and should be considered." *Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir. 1975). Here, the Veteran's Administration assigned Davis a "100% disability evaluation" based on his post-traumatic stress disorder. This determination should be evaluated as "another item to be placed on the evidentiary scale." *Atwater v. Astrue,* No. 10–CV–420, 2012 WL 28265, at *5 (W.D.N.Y. 2012). "[T]he VA's determination is material to the Commissioner if the VA granted a claimant disability benefits based on a claim identical to the one presented to the ALJ." *Stokes v. Astrue,* No. 7:10–CV–1129, 2012 WL 695856, at *14 (N.D.N.Y. Mar. 1, 2012) (internal quotations omitted).

The ALJ failed to offer good reasons why she ignored the VA's determination. Davis received all his mental health treatment from the VA; therefore, the ALJ based her opinion on the same evidence reviewed by the VA. Under these circumstances, the ALJ was obligated to, at the very least, consider the VA's determination.

Upon remand, the ALJ should reevaluate the treating physician opinions and the VA disability rating in light of the entire record, providing good reasons for each weight determination. Because remand is proper on these grounds, it is unnecessary to address the claimant's remaining issues.

## III

Davis's motion is GRANTED, Commissioner's motion is DENIED, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

                                           _/S/ Frederic Block
                                           FREDERIC BLOCK
                                           Senior United States District Judge

Brooklyn, New York
   January 31, 2020